**Lawrence E. WALLACE, Appellant,**

v.

**Robert A. HEINZE, Warden, California State Prison, Represa, California, Appellee.**

**No. 19850.**

United States Court of Appeals Ninth Circuit.

Sept. 15, 1965.

Rehearing Denied Oct. 15, 1965.

---

Lawrence E. Wallace, in pro. per.

Thomas C. Lynch, Atty. Gen. of Cal., Doris H. Maier, Asst. Atty. Gen. of Cal., Daniel J. Kremer, Deputy Atty. Gen. of Cal., Sacramento, Cal., for appellee.

Before CHAMBERS, BASTIAN and KOELSCH, Circuit Judges.

PER CURIAM.

This is an appeal by Lawrence E. Wallace, a prisoner incarcerated in the California State Penitentiary at Represa, from the judgment of the United States District Court dismissing his application for a writ of habeas corpus to effect his discharge from custody.

 Appellant was not entitled to the writ as if by default, because the respondent state did not file its return to the order to show cause within the time specified by the statute.[1] Here, it appears that the District Court granted respondent additional time to do so, and we think the court possessed this inherent power. Granted that dispatch is the keynote in all phases of habeas corpus and that the statutory limitation of time is clearly directed to that end, there are instances—and this appears to be one of them—where more time is required to make a full and complete return. It is readily apparent that a full and complete return made in the first instance will in fact hasten a final determination on the merits.

 Nor can appellant be heard to urge that the evidence upon which the criminal charge was based was obtained by the prosecution upon an unreasonable search. It appears from the return that, at his arraignment in the State court, the defendant, appearing in person and with counsel, entered his plea of guilty to the charge against him. He was thereupon adjudged guilty and sentence was pronounced. "The conviction and sentence which follow a plea of guilty are based solely and entirely upon said plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities." Thomas v. United States, 290 F.2d 696–697 (9th Cir. 1961).

This conclusion renders unnecessary a consideration of appellant's remaining points.

The judgment is affirmed.

---

1. Issuance of writ; return; hearing; decision
 * * *
 The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
 * * *
 28 U.S.C. § 2243.