Ralph BOWEN, Petitioner,

v.

Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.

Civ. A. No. 676-E.

United States District Court
N. D. West Virginia.

Aug. 19, 1966.

No attorney, for petitioner.

C. Donald Robertson, Atty. Gen. of West Virginia, George H. Mitchell, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

This is a petition for habeas corpus brought by Ralph Bowen against Otto C. Boles, Warden of the West Virginia State Penitentiary. Bowen was indicted for first degree murder on April 12, 1960, and on April 15, 1960, he was arraigned, with counsel present, and entered a plea of guilty to the charge in the indictment. The State recommended mercy and Bowen was sentenced to life imprisonment.[1]

There is no indication in the records as to when counsel was first appointed to defend Bowen. An order of the Criminal Court of McDowell County, entered on April 26, 1960, provides for the payment of an attorney's fee to one Abishi C. Cunningham who "represented the said defendant to the termination of said case." Bowen, however, does not contend that he was without counsel at his arraignment, nor that he did not have effective assistance of counsel.

It is his contention that his rights under the Sixth and Fourteenth Amendments to the United States Constitution have been violated. Although it is difficult to determine exactly what Bowen is protesting from the pseudo-legal language in his petition, his main claims seem to be that he was interrogated without the assistance of counsel and that he did not have counsel at his preliminary hearing.[2]

Bowen has previously applied to this Court for relief on the same grounds which are contained in the present petition. His first petition was dismissed for failure to exhaust available State remedies, in accordance with Miller v. Boles, 248 F.Supp. 49 (N.D. W.Va.1965). This dismissal was without prejudice so Bowen could quite properly apply for a writ of habeas corpus in this Court after he has fulfilled the requirements of *Miller*.[3]

Bowen's first claim is that he was questioned by the police without the presence of counsel or the opportunity to contact family or friends. He does not allege that he requested counsel or that the interrogating officer(s) failed to warn him of his constitutional rights. Nor does he say whether or not his participation in the interrogation was voluntary. And lastly, he does not mention the outcome of this interrogation—did he confess to the crime or was the interrogation simply about routine matters?

Simply stated, Bowen's claim is that he was *questioned* by the police. No more is alleged. This alone is not enough to fall within the ambit of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), even if that case were to be applied retroactively which, of course, it is not. Johnson v. State of New Jersey, 384 U.S. 719, 86 S. Ct. 1772, 16 L.Ed.2d 882 (1966).

*Escobedo,* Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and the other right to counsel cases make inadmissible at the trial any statements elicited during an illegal in-

---

1. The murder took place sometime in the latter part of February, 1960. Since a conviction of first degree murder carried, at that time, a possible death sentence, Bowen had a great deal to gain by pleading guilty and throwing himself on the mercy of the court.

2. The following statements are taken from Bowen's petition:
    (1) " * * * he was interrogated by the police without the aid or presence of legal counsel, or the opportunity to contact his family or friends."

(2) " * * * petitioner did not have nor was he informed of the right to counsel at his preliminary hearing * * *."

3. On March 9, 1966, Bowen applied for a writ of habeas corpus in the Circuit Court of Marshall County, the county of his incarceration. This petition was denied by Judge Arnold on April 21, 1966. Then on May 9, 1966, he filed a petition for habeas corpus in the West Virginia Supreme Court of Appeals, which petition was denied on May 16, 1966. Bowen's claims of constitutional deprivation are ripe for decision by this Court.

terrogation. Since Bowen pleaded guilty, no statement alleged to have been made by him was ever admitted into evidence. Therefore, *Escobedo* et al., irrespective of their retroactivity, are not applicable here.

This Court has been unable to find any authority which was held that a guilty plea, in a cash such as this, can be set aside. The statements will be excluded at the trial, but once the accused has entered a knowledgeable plea of guilty, with its accompanying finality, that plea cannot summarily 'be withdrawn some six years later.

Bowen's second contention is that he was not informed of his right to counsel at his preliminary hearing on February 25, 1960. Even if this statement is true, when the nature of the preliminary hearing in West Virginia is considered, this Court is unable to conclude that Bowen's constitutional rights were denied him. The records indicate, and Bowen does not dispute, that the preliminary hearing was waived. He does contend, however, that his waiver of the preliminary hearing before the justice was not an intelligent waiver. He argues in his traverse to the Attorney General's answer to the show cause order that:

> " * * * an accused is entitled to counsel at the preliminary hearing for whether prejudice resulted or not aid of counsel would have enabled him to plead intelligently before the magistrate."

■ Although this argument has some force, it overlooks the purpose of the preliminary hearing in West Virginia. The chief function of the preliminary hearing in West Virginia is to determine whether there is "sufficient cause" for charging the accused with the offense. If the justice finds that there is sufficient cause, " * * * he shall commit him to jail * * * or let him to bail * * * * " West Virginia Code, Ch. 62, Art. 1, § 13 (Michie, 1961). Regardless of the finding by the justice at the preliminary hearing, any prosecution must be based upon an indictment. West Virginia Code, Ch. 62, Art. 2, § 1 (Michie, 1961). So it is clear that, even without counsel present, Bowen could not have harmed his position by waiving the preliminary hearing. If there was any merit, whatsoever, to a contention that there was not "sufficient cause for charging him with the offense," Bowen lost nothing by waiving that right at the preliminary hearing. He could easily have raised this argument at the trial if there were any merit to it. Furthermore, it is difficult in this case to find a constitutional deprivation at the preliminary hearing, when the accused subsequently pled guilty at his trial.

■ The preliminary hearing in West Virginia can operate only for the defendant's benefit. It is, in effect, a hearing on the question of probable cause. The decision, if adverse to the defendant, can be overturned by either the Grand Jury or by the Circuit Court. Lack of counsel at the preliminary hearing did not constitute a denial of due process. In West Virginia, at least, this is not a critical stage of the proceedings. A recent addition to the West Virginia Code, Ch. 62, Art. 1, § 8 (Michie, 1965) makes it impossible for the defendant to plead at the hearing. This change reflected the procedure already existing in this State's preliminary hearing.

■ In disposing of this case, the Court takes notice of the fact that the Respondent's attorney, the Attorney General of West Virginia, failed to submit an answer to this Court's show cause order within the time provided in the extension to the original order. The Court, however, in this instance, will treat the failure as an instance of "excusable neglect" provided for in Rule 6 (b) (2) of the Federal Rules of Civil Procedure, because of the difficulties involved in securing the records requested in the original order and in the absence of any showing of prejudice to the petitioner.

For reasons stated in this memorandum, an order will be entered denying the petitioner the relief sought in his application.