Theodore R. ALLEN, Petitioner,

v.

E. P. PERINI, Superintendent, Marion Correctional Institution, Respondent.

Richard DAVIS, Petitioner,

v.

Bennett J. COOPER, Respondent.

Robert L. BOYKIN, Petitioner,

v.

E. P. PERINI, Superintendent, Marion Correctional Institution, Respondent.

Nos. C 68–279—C 68–281.

United States District Court
N. D. Ohio, W. D.

Oct. 18, 1968.

---

Theodore R. Allen in pro. per.

Richard Davis in pro. per.

Robert L. Boykin in pro. per.

Leo J. Conway, Asst. Atty. Gen., of State of Ohio, Columbus, Ohio, for respondent.

## MEMORANDUM

DON J. YOUNG, District Judge.

This cause came before the Court on respondent's motion for an extension of time within which to respond to show cause orders in three petitions for a writ of habeas corpus. Since all three motions present exactly the same questions, the Court is considering these three petitions for the purposes of these motions and for the purposes of these motions alone.

The petition in C 68–279 was filed on September 24 and the respondent was ordered to show cause on or before October 14; C 68–280 was filed on September 25 and the respondent was ordered to show cause on or before October 15; C 68–281 was filed on September 27 and the respondent was ordered to show cause on or before October 16. Thus the length of time in which the respondent was to show cause in C 68–279 and C 68–280 was twenty days while the length of time in which the respondent was to show cause was nineteen days in C 68–281.

The motions all carry the same recital of necessity for the extension of time:

"In the past every effort has been made to comply with orders to show cause within the allotted time and in each case where this was not possible, court aides have been notified and verbal extensions have been granted.

"At latest count we had 125 cases pending in the United States District Court in the Southern District of Ohio, Eastern Division; 12 in the Southern District, Western Division; 14 in the Northern District, Eastern Division; 38 in the Northern District, Western Division; 36 in the Supreme Court of the United States; and 14 in the United States Court of Appeals. In addition, we have numerous cases which must be handled in the state courts.

"We regret that this request is necessary, but at least for the present see no other alternative."

This Court is entirely sympathetic to the problems which face the respondent. The Court takes notice that the respondent's attorney, the Office of the Attorney General of the State of Ohio, is extremely understaffed, overworked, and presumably underpaid. The case load which they state that they are handling is staggering. For this reason the Court

is disposed to give the respondent as much time to reply to a habeas corpus from a prisoner in custody after conviction of a crime as it can under law.

Controlling in this matter is the second paragraph of 28 U.S.C. § 2243 which reads: "The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returnable within three days unless for good cause additional time, not exceeding twenty days, is allowed."

■ It is clear that it is within the discretion of the Court to grant extensions of time within the twenty day period. Wallace v. Heinze, 351 F.2d 39 (9th Cir. 1965), cert denied, 384 U.S. 954, 86 S.Ct. 1574, 16 L.Ed.2d 550 (1966).[1] Therefore the Court will grant respondent the full twenty day period in C 68–281.

The question of whether this Court is empowered to grant an extension of time beyond the twenty day limit expressed in the statute appears never to have been faced by the Courts of the United States. The present wording was changed from the former more complicated provisions to the same effect by the Judiciary Act of 1948. Unfortunately the hearings and reports surrounding this Act express no reason for the change.[2]

Speaking of the former statute which provided for return on or before various dates depending on the distance between the place of custody and the court in which the petition for the writ was filed, the Supreme Court of the United States has said:

"This section was taken almost literally from the Habeas Corpus Act,

1. "Appellant was not entitled to the writ as if by default, because the respondent state did not file its return to the order to show cause within the time specified by the statute. Here, it appears that the District Court granted respondent additional time to do so, and we think the court possessed this inherent power. Granted that dispatch is the keynote in all phases of habeas corpus and that the statutory limitation of time is clearly directed to that end, there are instances—and this appears to be one of them—where more time is required to make a full and complete return. It is readily apparent that full and complete return made in the first instance will in fact hasten a final determination on the merits." Wallace v. Heinze, 351 F.2d 39, 40 (9th Cir. 1965), cert. denied, 384 U.S. 954, 86 S.Ct. 1574, 16 L.Ed.2d 550 (1966).

Unfortunately the opinion is rather cryptic and does not give any guidance as to whether the extension of time was beyond the three day limit or beyond the twenty day limit. The third headnote to the case prepared by the editors at West Publishing Company indicates that the extension was beyond the three day limit of the statute and this Court will assume the editors to be correct for lack of any showing to the contrary.

But even if this were an extension of time beyond the twenty day limit, such

extension would not be controlling in this case for it is clear from the opinion that the extension was granted on account of the complexity of the case. In the matter before the Court there is no assertion that the case is so complex that additional time is needed, rather the assertion is that the Office of the Attorney General of the State of Ohio is unable to contend with its present case load.

For other cases in which it appears that the courts have granted extensions beyond the three day limitation see, e. g., United States ex rel. Goodman v. Roberts, 152 F.2d 841 (2d Cir.), cert. denied, 328 U.S. 873, 66 S.Ct. 1377, 90 L.Ed. 1642 (1946); Bowen v. Boles, 258 F. Supp. 111 (N.D.W.Va.1966).

2. The majority of the revisions were proposed to the 80th Congress by the Committee on Revision of the Law and their report on H.R. 2055 (present Title 28 U.S.C.) is the primary source of legislative history for these changes. Unfortunately, their report, House Report No. 308, 80th Congress, only notes the fact that they did indeed make a change in 28 U.S.C. § 2243. A reading of the hearings surrounding the adoption of H.R. 2055 gives one the impression that these revisions which had initially been introduced into the 79th Congress had been subject to extensive hearings there, but a search of the indices did not yield a printing of those hearings.

chap. 2 of the 31st Car. II., which was designed to remedy procrastination and trifling with the writ. Prior to that act the mode of compelling a return was by taking out an *alias,* and then a *pluries* writ, and thereafter issuing an attachment. A reasonable time has always been allowed for making the return, and it is not to be presumed that one will not be made." Ex parte Baez, 177 U.S. 378, at 388–389, 20 S.Ct. 673, 677, 44 L.Ed. 813 (1900). [In this case the writ had not been returned.]

Unfortunately the court did not there reach the question of allowance of time beyond the limits set in the statute.

Since the writ of habeas corpus as it is known today derives its origin from the Great Acts of the English Parliament during the Interregnum, the reign of Charles II and the reign of William and Mary it is relevant to look to determine what the various states have done when faced with similar problems. A search of the state statutes indicates that a number of states have time limitations of some form.[3] These time limitations vary from the clearly discretionary[4] to the clearly mandatory.[5] But without a single exception, none of these states have had occasion to pass on the question. There is a passing reference in a recent Missouri case to the time limitation in that statute being mandatory.[6]

Some years ago the Supreme Court in New York had an opportunity to discuss whether such a limitation was mandatory or discretionary. While its discussion is entirely dictum, this Court believes that it is relatively persuasive:

"Further than that the section of the Code [Code of Civil Procedure § 2006 as it then read] upon which the respondent relies was intended to specify only a maximum time beyond which an excuse for delay in obedience to the writ would not be considered. This is apparent if we consider the history of the legislation, and the source from which the present words derive. [The court then proceeds to trace the provision back to a statute of 1787.] * * The preamble of that act recites that:

'Great delays have been used by sheriffs, gaolers and other officials to whose custody persons have been committed for criminal and supposed criminal matters, in making returns of writs of habeas corpus to

3. A list of the jurisdictions which appear to the Court to have some form of time limitation on the return of the writ or bringing the person before the Court together with the section which provides for that limitation is as follows:
Alabama Code § 15–17.
Arkansas Statutes (1947) § 34–1717.
Colorado Revised Statutes (1953) § 65–1–1.
Connecticut General Statutes § 52–466.
Delaware Code § 10–6907.
Florida Statutes § 79.05, F.S.A. (limit shortened in 1967).
Georgia Code § 50–107.
Hawaii Revised Laws § 239–7.
Illinois Statutes § 65–6.
Louisiana Revised Statutes (1950) § 15–32.
Maine Revised Statutes § 14–5519.
Massachusetts Laws § 248–10.
Minnesota Laws (1965) § 589.27.
Missouri Statutes § 532.170.
Nebraska Revised Statutes (1943) § 29–2807.
New Hampshire Revised Statutes § 534.-14.

New Jersey Statutes § 2A:67–17, N.J.S.A. (Exact copy of the Federal Statute.)
Oregon Revised Statutes § 34.500.
Pennsylvania Statutes § 12–1873.
South Carolina Code (1962) §§ 17–357, 17–358.
Vermont Statutes § 12–3956.
Virginia Code (1950) § 8–600.

4. E.g., Illinois Statutes § 65–6 (Immediately).

5. E.g., Connecticut General Statutes § 52–466 (imposes a fine for not returning within the time).

6. State ex rel. O'Connell v. Nangle, 365 Mo. 198, 280 S.W.2d 96 (1955). The statute there, Missouri Stats., § 532.170, is almost exactly the same as the one before the Supreme Court in Ex parte Baez, 177 U.S. 378, 20 S.Ct. 673, 44 L.Ed. 813 (1900), from which the present federal statute is drawn.

them directly and by other shifts to avoid their yielding obedience to such writ contrary to their duty and known laws of the land.'

"The act then provides that for prevention of such abuses the prisoner shall be produced 'according to the command of the writ,' unless the commitment of the party be in a place beyond the distance of 20 miles from the place or places where the court shall be. If beyond the distance of 20 miles and not above 100, then within the space of 10 days. If beyond the distance of 100 miles, then within the space of 20 days, and not longer. When one considers the difficulties of transportation at that time and the language of the statute, it is clear that it was not intended to do anything more than fix a maximum limit for obedience  *  *  *" People ex rel. Jenkins v. Kuhne, 57 Misc. 30, 107 N.Y.S. 1020, 1025 (1907), aff'd, 127 App.Div. 916, 111 N.Y.S. 1136 (1908) (per curiam), aff'd, 195 N.Y. 610, 89 N.E. 1109 (1909) (mem.).[7]

■■ Looking at the present federal statute, 28 U.S.C. § 2243, particularly in light of the *Jenkins* case, supra, it appears that the three and twenty day provisions established therein are the outside limits of the reasonable time for the return of writ mentioned by the Supreme Court. Ex parte Baez, supra. This Court does not undertake to substitute its judgment for that of the Congress.

The history of the writ is so well known that there is no need to repeat it here. The courts must jealously guard it lest the very occurrences which exercised the New York legislature in 1787

again occur. While the scope of the writ has been greatly increased since the establishment of the maximum time for return by Congress, see Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), for the courts to undertake to extend time beyond that twenty day limitation would only tend to weaken the power of the writ.

When the Office of the Attorney General of the State of Ohio was having difficulty responding to ten day show cause orders, we extended the time to twenty days. Were we now to extend it to thirty days, I am sure that this too would be too little time, for that office has always been and will always be busy. I sympathize with the respondent, but I am bound by the law.

Should the respondent desire to alleviate this problem, it would appear that he would have two courses. The first would be to petition Congress to extend the time limitation established in the statute for post-conviction habeas corpus. The second and better course would be for the State of Ohio to increase the size of the staff in the Office of the Attorney General to permit handling of these petitions more expeditiously. It would certainly appear that the citizens of the State of Ohio could afford a penny a person to preserve the integrity of this great writ.

Since the motions in C 68–279 and C 68–280 seek an extension of time beyond what this Court has determined to be the maximum allowable time for making a return, they will be denied. For the reasons already set forth, the time in which to show cause in C 68–281 will be extended until October 17, 1968. An order will be entered accordingly.

7. In that case the respondent contended that the time set by the statute was a minimum rather than a maximum. While the New York court states that the time limitation is a maximum, a determination with which this Court agrees, all that the New York court is actually deciding is that it was correct in granting the respondent less time than the limit of the statute in which to reply.

There is mild irony in the fact that the present New York statute sets no time limit for return of the writ of habeas corpus. New York Civil Practice Law & Rules § 7008.