Robert Arthur WINN, #71201, Petitioner,

v.

Ray H. PAGE, Warden and the State of Oklahoma, Respondents.

No. 70-76 Civ.

United States District Court,
W. D. Oklahoma.

April 7, 1970.

Robert Arthur Winn, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, District Judge.

Petitioner moves for default judgment for the reason Respondent failed to respond to the Court's Order to Show Cause within the time allowed by the Court and by 28 U.S.C.A. § 2243. The Order to Show Cause was dated February 13, 1970 and provided a term of twenty days from its date for response. No response was submitted, but on application of the Respondent on March 5, 1970, the Court granted an extension of twenty days from March 5, 1970. No response was filed at the expiration of the extension, however, on March 19, 1970 and prior to the expiration of the second extension, Petitioner filed the instant Motion, taking the position that under the terms of 28 U.S.C.A. § 2243, the Court is without power to grant more than a single twenty-day extension over the three days provided for return or response to its Order to Show Cause.

The Court has been able to find only one case supporting Petitioner's interpretation of 28 U.S.C.A. § 2243. It is Allen v. Perini, 291 F.Supp. 144 (D.C., Ohio 1968), in which the court held that the statutory terms of three and twenty days were mandatory provisions, leaving the federal courts powerless to grant further enlargements of time. This opinion, however, makes no reference to Rule 6(b), F.R.Civ.P., 28 U.S.C.A., relating to enlargements of time in civil cases. In Bowen v. Boles, 258 F.Supp. 111 (D.C., W.Va.1966), the court used Rule 6(b) to cure the failure of the state to respond within the time allowed, and no reference was made to the provisions of 28 U.S.C.A. § 2243 which the Ohio court found so compelling.

The statute, 28 U.S.C.A. § 2243, provides in pertinent part:

"The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

Rule 6(b), F.R.Civ.P., 28 U.S.C.A., provides in pertinent part:

"(b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *"

As the Court's Order to Show Cause is an Order coming within the provisions of both the statute and the rule, there is an irreconcilable conflict between them. However, this conflict is only apparent, and not real, inasmuch as the provisions of 28 U.S.C.A. § 2072 also have application herein:

"The Supreme Court shall have the power to prescribe, by general rules * * * the practice and procedure of the district courts and courts of appeals of the United States in civil actions * * *

"Such rules shall not abridge, enlarge or modify any substantive right * * *

"All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect * * *."

Thus, it would appear that the time limitations of 28 U.S.C.A. § 2243 have been superseded by Rule 6(b). Although the Supreme Court has held that habeas corpus proceedings are to be considered outside the scope of the rules, it has also said that there is no objection to the use of particular rules by analogy where appropriate. Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969). The court stated:

"Clearly, in these circumstances, the habeas corpus jurisdiction and the duty to exercise it being present, the courts

may fashion appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage. * * * it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry. Obviously, in exercising this power, the court may utilize familiar procedures, as appropriate, whether these are found in the civil or criminal rules or elsewhere in the 'usages and principles of law.' " 394 U.S. at pp. 299–300, 89 S.Ct. at pp. 1090–1091, 22 L.Ed.2d at p. 291.

Of course, it may be argued that as the Rules are not applicable directly to habeas corpus proceedings, the provisions of 28 U.S.C.A. § 2243 are not affected by them. However, to so hold would amount to an exercise in futility, for the reason that the only provisions relating to default judgments exist in the Rules, and not in the statute. If the Court were to grant Petitioner's Motion, such judgment could be set aside for good cause shown, Rule 55(c), or for excusable neglect, Rule 60 (b) (1), or for any other reason justifying relief from the operation of the judgment, Rule 60(b) (6). It is necessary that habeas corpus proceedings be governed by some rules, and as there exists a body of rules for civil cases which for the most part are suitable for the conduct of the Court's business with respect to habeas corpus proceedings, such rules should apply to habeas proceedings, especially where, as here, the Petitioner by his Motion seeks a type of relief which is provided for in the Rules.

Finally, 28 U.S.C.A. § 2243 makes no provision for default in the matter of habeas corpus, and it is necessary to refer to Rule 55(b) (2), F.R.Civ.P., 28 U.S.C.A. which provides, in pertinent part:

"If, in order to enable the court to enter judgment or to carry it into effect, it is necessary * * * to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper * * *"

Thus, granting Petitioner's Motion would be a useless act. It would be necessary to conduct exactly the same hearing, if one is required, to which Petitioner would be entitled on his claims of illegal confinement. Inasmuch as the Supreme Court in Harris v. Nelson, supra, recognized that " * * * the courts may fashion appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage * * *", this Court rejects the position taken by the court in Allen v. Perini, supra, that the provisions of 28 U.S.C.A. § 2243 are a limitation on its power to grant such enlargement of time as in its discretion are necessary to effectuate the requirements of law and justice in habeas corpus proceedings.

Petitioner's Motion for Default Judgment is overruled. Respondents will respond to the Order of the Court entered herein on February 13, 1970 within ten (10) days from the date hereof.