474 P.2d 867

The STATE of Arizona, Appellee,

v.

Terrell Brent WITT, Appellant.

No. I CA–CR 232.

Court of Appeals of Arizona, Division 1.

Sept. 29, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Blake, Colter & Flickinger, by James H. Colter, Phoenix, for appellant.

KRUCKER, Judge.

The appellant, Terrell Brent Witt, entered a plea of guilty to the crime of burglary, first degree. On the 19th day of June, 1969, he was sentenced to a term of not less than two nor more than five years in the Arizona State Prison.

This appeal raises the following questions:

(1) Was there an effective waiver to right of counsel?

(2) Was there an effective entry of the guilty plea to the charge?

(3) Should the sentence imposed have been reduced by the amount of time spent in jail prior to the sentencing?

After the case came at issue, this court examined the file and the briefs, and on May 7, 1970, entered an order to the effect that the Superior Court of Navajo County, Arizona, conduct a hearing regarding the issues raised as to representation by counsel and the circumstances surrounding the entry of the plea of guilty. That hearing was conducted in the Superior Court of Navajo County before the Honorable D. L. Greer, and findings of fact and conclusions of law were made. This court has been furnished the transcript of the testimony of that hearing, and the findings of the trial court.

At a full hearing on the 10th day of June, 1970, the trial court found that the defendant was fully advised of his rights to counsel and his other constitutional rights; that the defendant understood his rights as explained to him; that at the time of his arraignment, the Honorable Melvyn T. Shelley explained his right to counsel, the nature of the charge and the nature of the penalties; that there were no threats or promises in exchange for a plea of guilty; that defendant voluntarily waived his right to counsel; and that the plea of guilty was voluntarily made.

The guilty plea was accepted by the court prior to the decision of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969). Our Arizona Supreme Court has held that Boykin is not retroactive, State v. Griswold, 105 Ariz. 1, 457 P. 2d 331 (1969). Boykin was handed down between the time of the entry of the plea and the time of sentencing, but even if Boykin applied to the case before us, we find, from a reading of the transcript and the findings of fact and conclusions of law in the June 10th hearing, that there was a full compliance with Boykin.

We hold that defendant was effectively advised of his right to counsel and that a knowing and independent plea of guilty was made to the charge.

As to appellant's third question, the sentence imposed was well within the statutory limits, and much shorter than the maximum period that could have been imposed. There was no abuse of discretion by the trial judge in imposing the sentence in this case.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.