Terrell Brent WITT, Petitioner,

v.

STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Respondents.

Civ. No. 72–13 PHX.

United States District Court,
D. Arizona.

May 8, 1972.

Gary K. Nelson, Atty. Gen. of Arizona by William P. Dixon, Asst. Atty. Gen., Phoenix, Ariz., for respondents.

## OPINION and ORDER

MUECKE, District Judge.

Petitioner for habeas corpus complains of an entry of a guilty plea and a sentencing, both without the presence of an attorney. Respondent does not deny the petitioner's specific factual allegations, but relies on affirmative allegations to the effect that the petitioner waived his right to counsel in open court. The respondent's affirmative allegations are amply supported by the record in this case. Petitioner does not present factual allegations contradicting respondent's allegations, but he denies waiver.

Petitioner appealed the conviction he complains of to the Arizona Court of Appeals, raising the same issues which he relies on here. The Arizona Court of Appeals in State v. Witt, 13 Ariz.App. 148, 474 P.2d 867, 868, ordered the Superior Court to conduct a hearing "regarding the issues raised as to representation by counsel and the circumstances surrounding the entry of the plea of guilty." The trial court, after a full hearing on June 10, 1970, found that the defendant was fully advised of his right to counsel and that he voluntarily and knowingly waived that right, and that the plea of guilty was knowingly and independently made. The Court of Appeals upheld the trial court's findings.

This Court, upon studying the transcript of the June 10, 1970 hearing, finds that it meets all of the tests of 28 U.S.C. § 2254. The hearing was a full and fair hearing, petitioner was represented by counsel, the factual determinations are fairly supported by the evidence, and the legal conclusions of effective waiver of counsel and voluntary guilty plea flow inevitably from the well grounded factual determinations. The State Court is to be commended on the efforts that it went to in obtaining a full and fair hearing for petitioner.

The trial judge who sat in the proceedings complained of, subjected himself to cross-examination by petitioner's counsel. The trial judge testified that he informed petitioner of the seriousness of the charge and the range of penalties (TR. 69), and that he informed petitioner of his absolute right to counsel, whether or not petitioner could afford one, and that after explanation petitioner told the trial judge that he did not want a lawyer (TR. 67).

To hold an additional evidentiary hearing would be a futile act since the pleadings do not present any dispute as to any material issue of fact, but rather the entire dispute appears to concern the legal conclusions to be drawn from uncontradicted facts.

■ Petitioner asks us to find a constitutional violation from the mere absence of an attorney during certain crucial stages, and respondent points to a record showing that petitioner effectively waived counsel. The "facts" alleged by petitioner are not sufficient to show any violation of the federal constitution or laws. Thus, there would normally be no question but that the writ of habeas corpus should be denied at this time.

■ However, petitioner does raise an additional issue by means of a so-called "Motion for Summary Judgment" and an attached "Affidavit" to the effect that the respondents did not respond to the petition within the time permitted by Rule 81(a) (2) of the Federal Rules of Civil Procedure.

This Court finds that the Motion for Summary Judgment is misnamed and that the substantive allegations of that motion do not entitle petitioner to a summary judgment, but that these allegations would go to a motion for judgment by default under Federal Rule of Civil Procedure 55, if such a judgment were available to petitioner.

Respondent relies on Allen v. Perini, 424 F.2d 134 (6th Cir. 1970) cert. den. 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143, and Winn v. Page, 311 F.Supp. 691 (1970), to support his contention that

default is not available to any petitioner for habeas corpus. This Court is not convinced that these cases present well reasoned support for so broad a holding. Certainly, the time limits as set forth in 28 U.S.C. § 2243, and Federal Rule of Civil Procedure 81(a) (2) must have some meaning. A petitioner who states specific factual allegations, which if believed would entitle him to immediate release from illegal confinement, should not have to suffer a delay in either being heard or in obtaining the relief to which he is entitled, merely because a response is delayed without good cause or beyond the limits set by law.

However, this Court finds that it does not have to reach the broader issue of whether under appropriate circumstances, a default judgment might be available to a habeas corpus petitioner, but rather confines its ruling to an exercise of its discretion to find that if default were available in habeas corpus, that this case is singularly inappropriate for the entry of a default judgment. Further, although Rule 55(b) permits this Court, on a motion for default judgment, to hold a hearing to determine the truth of any averment, there is no reason to conduct such a hearing where there is no material factual dispute, and such a hearing would be a nullity at worst, and at best a duplication paled by time of the State's adequate hearing on the same issues in June, 1970. The Ninth Circuit Court has recognized the role of the trial court's discretion refusing to grant a default judgment. Thus, in Law Ah Yew v. Dulles, 236 F.2d 415, 416 (1956), the Circuit Court stated:

"It is conceded that the grant or denial of a motion for the entry of a default judgment is within the discretion of the court. We have examined the facts presented to the trial court in support of and in opposition to the motion, and we conclude that the trial court did not abuse its discretion in denying the motion. The order denying the motion for default judgment is affirmed."

See further, the excellent discussion of a trial court's discretion in granting judgment by default in Moore's Federal Practice Vol. 6, ¶ 55.05(2), p. 1814, et seq., particularly the statement of the factors to be considered in exercising that discretion:

"Whether the defendant's failure to plead or otherwise defend is largely technical; whether the plaintiff will be prejudiced, and if so, the extent thereof; whether the entry of the default judgment would result in injustice." At p. 1814.

This Court finds that the petitioner has not been prejudiced by the delay, and the entry of a default judgment would result in a grave injustice and, therefore, in the exercise of this Court's discretion,

It is ordered that the Motion for Summary Judgment having been considered as a motion for default judgment is denied.

It is further ordered that the petitioner is granted leave to file in forma pauperis and the petition is denied.