**Herbert Ray TROGLIN, Petitioner,**

v.

**T. L. CLANON, M. D., Respondent.**

**No C–74–0020.**

United States District Court,
N. D. California.

June 11, 1974.

See also, D.C., 378 F.Supp. 281.

Thomas A. Salciccia, San Jose, Cal., for petitioner.

Evelle J. Younger, Atty. Gen., Jack R. Winkler, Chief Asst. Atty. Gen., Edward P. O'Brien, Asst. Atty. Gen., Robert R. Granucci, Kenneth C. Young, Deputy Attys. Gen., San Francisco, Cal., for respondent.

## MEMORANDUM OF OPINION AND ORDER DENYING MOTION FOR AN ORDER OF DEFAULT

RENFREW, District Judge.

Petitioner filed his petition for a writ of habeas corpus on January 3, 1974. In an order filed February 1, 1974, this Court issued an order directing respondent to show cause why the writ should not be given. That order was based on petitioner's claim that the state judge who sentenced him had improperly considered his prior convictions in Colorado, Oklahoma and Arkansas which are invalid because in each case he had been denied his constitutional right to representation by counsel. See United States v. Tucker, 404 U.S. 443, 447, 449, 92 S.Ct. 589, 591, 592, 30 L.Ed.2d 592, 596, 597

(1972). Two other claims were dismissed for failure to exhaust state remedies.

The petition and the order to show cause were served upon respondent on February 11, 1974. The order to show cause required a return within three days after service of process as provided by 28 U.S.C. § 2243[1] and Rule 81(a)(2),[2] Federal Rules of Civil Procedure. Counsel for respondent has submitted an affidavit in which he states that he received the petition and order to show cause as well as respondent's request for representation on February 14, 1974. He filed a motion on February 15, 1974, for a continuance to March 3, 1974, of the time within which a return had to be filed. He gave reasons for this continuance[3] which the Court accepted as good cause. An order was issued extending the deadline for the return until March 3, 1974. The fact that the application for the extension came four days after service of process did not weigh heavily as a factor against the request for more time. Respondent and his counsel acted as expeditiously as reasonably can be expected.[4]

---

1. The pertinent portion of 28 U.S.C. § 2243 is the following paragraph:
   "The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

2. "These rules are applicable to proceedings for * * * habeas corpus * * * to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions. The writ of habeas corpus, or order to show cause, shall be directed to the person having custody of the person detained. It shall be returned within 3 days unless for good cause shown additional time is allowed which in cases brought under 28 U.S.C. § 2254 shall not exceed 40 days, and in all other cases shall not exceed 20 days."

3. The relevant portion of the affidavit follows:
   "That as of this date I have been unable to adequately research applicable law or review the pleadings sufficiently to determine what records are needed or available to make a return.

"That no records are immediately available in this office of the Attorney General.

"That requests for records have and will be initiated involving at least the Attorney General's Archives in Sacramento, the California Department of Corrections and the Santa Clara County Superior Court.

"That other sources such as the State Appellate Courts may have to be contacted on further analysis of the allegations and the applicable law and facts."

4. Section 2243 and Rule 81(a)(2) are unclear concerning the date from which the three days for a return are to be given. See footnotes 1 and 2, supra. These provisions could mean that the three days begin to run from the date of the issuance of the writ or order. Even with the modern means of communication (or perhaps because of them), it would be unreasonable to expect a respondent to make a return that quickly. Indeed, in some cases the order to show cause may not have even been received three days after the issuance. Therefore, the Court reads the statute and the Rule to allow the time for a return at least from the date of service of process. Indeed there may be good reason for allowing the three

On March 1, 1974, respondent filed another motion for a continuance of the final date for a return until April 2, 1974. The Court again accepted the reasons given by respondent's counsel as good cause for the extension [5] and so ordered. In a memorandum filed March 6, 1974, petitioner objected to the extension beyond the twenty days indicated in 28 U.S.C. § 2243.

On March 29, 1974, respondent moved for a further continuance of the time for filing a return until May 2, 1974. Counsel for respondent again gave reasons for the extension [6] which the Court accepted as good cause; the return deadline was ordered extended until May 2, 1974.

Petitioner moved on April 3, 1974, for an order of default on the ground that respondent had failed to answer within the time limits governing a return. He asked that a writ of habeas corpus be issued, that a date for an evidentiary hearing be set, and that if respondent

fails to defend at that hearing, petitioner be released from custody. This motion was heard on May 1, 1974. The return was filed on May 2, 1974, eighty days after the petition and order to show cause were served upon respondent.

### I. Section 2243 and Rules 81(a)(2)

The statute pertaining to the time limits for filing returns, 28 U.S.C. § 2243,[7] was enacted by Congress in 1948. Rule 81(a)(2) [8] of the Federal Rules of Civil Procedure was amended in 1971 and, as provided by 28 U.S.C. § 2072, now controls the question of the time within which a return is to be filed. Under Rule 81(a)(2), a court can, given good cause, extend the time for the return forty days. A note by the Advisory Committee on Rules indicates that the change was intended to alleviate the burdens upon state authorities that have been caused by the "substantial increase in the number of such proceedings in recent years  *  *  *."[9]

---

days after the formal request for representation is made upon the Attorney-General's office. The Court need not adopt one date or the other here, however. If the three days were to be calculated from the date of service of process, the violation of the three-day time limit here would be a technical one not prejudicial to petitioner. Again, respondent and his counsel acted as quickly as this Court could require.

5. Counsel's reasons were:
"That since being assigned this case, I have requested and received several documents concerning petitioner's state sentencing proceedings;
"That on the basis of the record before me it is necessary to make further factual inquiries concerning state sentencing proceedings and petitioner's allegations concerning invalidity of out-of-state convictions;
"That due to the press of business in this section of the Office of the Attorney General and the delays inherent in obtaining factual documentation concerning petitioner's allegations, I have been unable to prepare a return to the above-entitled case.

6. Counsel's reasons were:
"That this request for an extension is based upon the need for additional time to complete factual investigation and documentation, preparation of a return based on the

ascertained facts and the workload of counsel for respondent;
"That I have as pending matters five appeals in the state appellate courts, one writ in state superior court, one opposition before the United States Supreme Court, two writs in federal district court, one appeal in the Ninth Circuit and four civil rights cases in federal court;
"That since service of summons, petition and order to show cause upon respondent I have completed or done substantial work in four state appellate cases (respondent's or appellant's briefs) ten state writs (return or informal opposition) [,] two writs in Federal District Court (return or memorandum of law) and two Civil Rights suits in Federal Court (opposition to preliminary injunction and motions to dismiss and for summary judgment[)]."

7. See footnote 1, *supra*.

8. See footnote 2, *supra*.

9. "Title 28, U.S.C., § 2243 now requires that the custodian of a person detained must respond to an application for a writ of habeas corpus 'within three days unless for good cause additional time, not exceeding twenty days, is allowed.' The amendment increases to forty days the additional time that the district court may allow in habeas corpus proceedings involving persons in custody

Petitioner argues that the time limits set in § 2243, now modified by Rule 81(a)(2), are outside limits which, if contravened, must necessitate action by the Court protecting the rights of a petitioner. Here he asks for the setting of a date for an evidentiary hearing.

There is some authority in support of petitioner's position. The Advisory Note to Rule 81(a)(2) seems to view the forty-day time period as an outside limit to extensions.[10] The Advisory Note to Rule 4 of the Preliminary Draft of Proposed Rules Governing Habeas Corpus Proceedings for the United States District Courts (January, 1973), p. 58, also seems to begin with that understanding of the present time limits.[11]

Petitioner is not supported, however, by the limited case law on this question. The Court of Appeals for this Circuit has said that a district court has "inherent power" to give a respondent additional time to file a return. Wallace v. Heinze, 351 F.2d 39, 40 (9th Cir. 1965), cert. denied, 384 U.S. 954, 86 S.Ct. 1574, 16 L.Ed.2d 550 (1966). It is unclear, however, whether the issue in the *Wallace* case was the propriety of an extension beyond three days or beyond twenty days.[12] Since the Court of Appeals decided the case in a brief, ambiguous, *per curiam* opinion, the case cannot serve as a decisive authority as to the issue before this Court. One element in that

opinion does tend to support respondent's position, however. The Court of Appeals did refer to a district court's inherent power and not its statutory authority to grant an extension for a return. It would seem to follow, therefore, that this inherent power would not be completely bound by the statutory time limits but rather would be applied within the sound discretion of a district court.

One reported opinion by a district court does interpet § 2243 in the manner petitioner urges. In Allen v. Perini, 291 F.Supp. 144, 148 (N.D.Ohio 1968), in ruling on motions for extensions, the court held that:

"[l]ooking at the present federal statute, 28 U.S.C. § 2243, * * * it appears that the three and twenty day provisions established therein are the outside limits of the reasonable time for the return of [the] writ * * *. This Court does not undertake to substitute its judgment for that of the Congress."

The respondent in *Allen* had filed his return after the deadline set by the district court. The petitioner subsequently moved for judgment on the pleadings or default judgment on the grounds of the untimeliness of the return and, alternatively, for an evidentiary hearing. The district court did not have to rule on the merits of those motions, however, for it

pursuant to a judgment of a state court. The substantial increase in the number of such proceedings in recent years has placed a considerable burden on state authorities. Twenty days has proved in practice too short a time in which to prepare and file the return in many such cases. Allowance of additional time should, of course, be granted only for good cause.

"While the time allowed in such a case for the return of the writ may not exceed forty days, this does not mean that the state must necessarily be limited to that period of time to provide for the federal court the transcript of the proceedings of a state trial or plenary hearing if the transcript must be prepared after the habeas corpus proceeding has begun in the federal court."

10. See footnote 9, *supra*.

11. "In the event an answer is ordered under rule 4(a), the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. Under § 2243, the respondent must make a return within three days after being so ordered, with additional time of up to forty days allowed under the Federal Rules of Civil Procedure, rule 81(a)(2), for good cause."

12. As the case is reported, a headnote to the opinion indicates that the issue was an extension beyond three days, but the opinion itself does not define with specificity the question before the court. See the discussion of this ambiguity in Allen v. Perini, 291 F.Supp. 144, 146 and n. 1 (N.D.Ohio 1968), vacated and remanded 424 F.2d 134, 138 (6th Cir. 1970), cert. denied, 400 U.S. 906, 91 S. Ct. 147, 27 L.Ed.2d 143 (1970).

dismissed the petition on its own motion for failure to exhaust state remedies. Allen v. Perini, 424 F.2d 134, 137 (6th Cir. 1970), cert. denied, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970). The Court of Appeals vacated the dismissal and remanded the case to the district court. Although the Court of Appeals did not explicitly interpret the meaning and function of the time limits in § 2243, and indeed expressly reserved that question, 424 F.2d at 140, it did state that:

> "[T]he failure of the Office of the Attorney General of Ohio to file a timely return does not afford a basis for *instanter* relief. Despite the delinquency of the State, the District Court was obligated to decide the case on its merits. [citations omitted] We conclude that in spite of the untimeliness of the State's return, the District Court would have no power to grant the writ of habeas corpus in the absence of an evidentiary hearing and unless and until the averments of the petition have been proved by competent evidence." 424 F.2d at 138.

The gist of the holding of the Court of Appeals in Allen v. Perini seems to be that, whether or not the time limits of § 2243 are indeed outside limits of a district court's power to extend the time for return, the granting of a writ of habeas corpus, without a prior evidentiary hearing and "until the averments of the petition have been proved by competent evidence", is not an allowable sanction for untimeliness in making the return. The Court did not address the questions of what sanctions, if any, would be permissible.[13]

Respondent has stronger support in the case law. As discussed above, the ambiguous opinion in Wallace v. Heinze, *supra,* gives him at least a modicum of support by recognizing an inherent power of a district court to grant extensions. Furthermore, in Harris v. Nelson, 394 U.S. 286, 298, 89 S.Ct. 1082, 22 L.Ed.2d 281, 290 (1969), the Supreme Court, in holding that the discovery provisions of the Federal Rules of Civil Procedure do not apply to habeas corpus proceedings, indicated that in some instances, to be determined under the general standard of Rule 81(a)(2), other rules would be applicable. Thus the question arises whether Rule 6(b), which grants considerable discretion to district courts in enlarging the time allowed for the doing of a certain act or in excusing tardiness, should be applied in habeas corpus proceedings.[14] The Supreme Court also indicated that under the All Writs Statute, 28 U.S.C. § 1651, district courts could when necessary to accomplish the ultimate objective of the proceedings—to discover the facts—"fashion appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage." 394 U.S. at 299, 89 S.Ct. 1082, at 1090, 22 L.Ed.2d at 291. The Court elaborated:

> "At any time in the proceedings, when the court considers that it is necessary to do so in order that a fair and meaningful evidentiary hearing may be held so that the court may properly 'dispose of the matter as law and justice require,' either on its own motion or upon cause shown by the petitioner, it may issue such writs and take or authorize such proceedings

13. In a subsequent case, the same district court refused to consider a return which was mailed one day prior to the deadline for filing a return and which was received by the clerk's office one day after the deadline. The district court again dismissed the complaint, this time for failure to state a claim upon which relief could be given. The Court of Appeals affirmed and also stated that the petitioner was not entitled to a default judgment because of the late filing of the return. Watmuff v. Perini, 427 F.2d 527, 528 (6th Cir. 1970).

14. The Court in Harris v. Nelson commented that certain "noncontroversial rules" had been applied by federal courts in habeas proceedings. It cited as one example Bowen v. Boles, 258 F.Supp. 111, 113 (N.D.W.Va. 1966), in which Rule 6(b)(2) was utilized in a habeas matter. But the Court also stated that it would "intimate no view on whether the Federal Rules may be applicable with respect to other aspects of a habeas corpus proceeding." 394 U.S. at 294–295, n. 5, 89 S.Ct. at 1088, 22 L.Ed.2d 288.

with respect to development, before or in conjunction with the hearing of the facts relevant to the claims advanced by the parties, as may be 'necessary or appropriate in aid of [its jurisdiction] * * * and agreeable to the usages and principles of law.' 28 U.S.C. § 1651." 394 U.S. at 300, 89 S. Ct. at 1091, 22 L.Ed.2d at 291.

One district court in a decision reached after Harris v. Nelson, *supra,* has held that the time limits of § 2243 are not a limitation of the power of a district court "to grant such enlargement of time as in its discretion are necessary to effectuate the requirements of law and justice in habeas corpus proceedings." Winn v. Page, 311 F.Supp. 691, 693 (W.D.Okla. 1970). The reasoning of that court seems to be that, under 28 U.S.C. § 2072, Rule 6(b) would normally supercede § 2243 with respect to the time constraints. But the court viewed Harris v. Nelson as holding that the civil rules could not be applied in habeas proceedings but that "there is no objection to the use of particular rules by analogy where appropriate." 311 F. Supp. at 692. It would appear, therefore, that the court based its decision in denying the petitioner's motion for a default judgment on the use "by analogy" of Rule 6(b).[15]

Although this Court agrees with the result in Winn v. Page, *supra,* it finds another rationale more persuasive. The opinion in *Winn* was also issued prior to the 1971 amendment of Rule 81(a)(2), and that amendment is a significant new factor.

## II. *The Absence of Specified Sanctions*

"Certainly, the time limits as set forth in 28 U.S.C. § 2243, and Federal Rule of Civil Procedure 81(a)(2) must have some meaning. A petitioner who states specific factual allegations, which if believed would entitle him to immediate release from illegal confinement, should not have to suffer a delay in either being heard or in obtaining the relief to which he is entitled, merely because a response is delayed without good cause or beyond the limits set by law." Witt v. State ex rel. Eyman, 343 F.Supp. 392, 394 (D.Ariz. 1972).

In the absence of Congressional guidance, either in the statute or rule or in the legislative history,[16] the determination of the proper function of these time limits requires a detailed analysis of the interests involved and the best means of accommodating them. The very statement of that starting principle points out the improbability that the time limits are *per se* rules the breach of which, in every instance, requires drastic sanctions. The necessity of judicial discretion seems clear.

But that discretion cannot be derived from Rule 6(b) of the Federal Rules of Civil Procedure. The Supreme Court in Harris v. Nelson, *supra,* did not pre-

---

15. The court also mentioned that the petitioner himself had used Rule 55 since § 2243 made no provisions for judgment by default. *But see* Allen v. Perini, *supra,* 424 F.2d at 138. The court in *Winn* also argued that, even if a default judgment were granted, an evidentiary hearing would still be necessary under Rule 55(b)(2), thus rendering the petitioner's motion meaningless. 311 F.Supp. at 693.

16. The statute which governed the time for return prior to the enactment of § 2243 and Rule 81(a)(2) was 28 U.S.C. § 456 (1946 ed.) which provided:

"Any person to whom such writ is directed shall make due return thereof within three days thereafter, unless the party be detained beyond the distance of twenty miles; and if beyond that distance and not beyond a distance of a hundred miles, within ten days; and if beyond the distance of a hundred miles, within twenty days."

The official legislative history of § 2243 does not explain the change. See H.R.Rep. No. 308, 80th Cong., 1st Sess. (1947), in U.S. Code Congressional Service, 80th Cong., 2d Sess. (1948), at 1698 and at 1906 (Appendix: Reviser's Notes). The Advisory Note to Rule 81(a)(2), as amended in 1971, footnote 2 *supra,* also fails to explain the role of the time limits, although it does seem to presume that the forty-day period is an outside limit to extensions. See p. 276, *supra.*

clude, as Winn v. Page, *supra,* suggests, the applicability of those Rules to every aspect or phase of habeas corpus proceedings. The Court began its analysis by referring to Rule 81(a)(2) which then as now provided that the Federal Rules of Civil Procedure "are applicable to proceedings for * * * habeas corpus * * * to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions." *See* Harris v. Nelson, *supra,* 394 U.S. at 293, n. 3, 89 S.Ct. at 1087, 22 L.Ed.2d at 287. The Court then undertook a detailed review of the reasons why the discovery provisions of the civil rules would not be applicable in habeas corpus proceedings. It found no Congressional intention to make the discovery rules applicable. Moreover, Congress had enacted a specific statute dealing with discovery in habeas matters, 28 U.S.C. § 2246. The Court also found that the discovery provisions were "ill-suited to the special problems and character of such proceedings." 394 U.S. at 296, 89 S.Ct. at 1089, 22 L.Ed.2d at 289. The Court observed:

> "We have no power to rewrite the Rules by judicial interpretations. We have no power to decide that Rule 33 applies to habeas corpus proceedings unless, on conventional principles of statutory construction, we can properly conclude that the literal language or the intended effect of the Rules indicates that this was within the purpose of the draftsmen or the congressional understanding." 394 U.S. at 298, 89 S.Ct. at 1090, 22 L.Ed. 2d at 290.

The literal language of Rule 6(b) does not specifically include habeas proceedings within its purview. Nor is there any indication that the "intended effect" of this Rule was to cover habeas matters. In fact, Congress seems to have concluded, as with discovery in Harris v. Nelson, that different procedures were necessary. Thus it enacted the specific time limits in § 2243 and, subsequently, Rule 81(a)(2). In addition, habeas corpus proceedings have an urgency and need of speedy resolution shared by few civil actions, *cf.* Preiser v. Rodriguez, 411 U.S. 475, 495, 93 S.Ct. 1827, 1839, 36 L.Ed.2d 439, 453 (1973); Peyton v. Rowe, 391 U.S. 54, 59, 88 S.Ct. 1549, 1552, 20 L.Ed.2d 426, 430 (1968); and those civil matters requiring immediate judicial action are governed by Rule 65(b).

■ The amendment of Rule 81(a) (2) in 1971 which changed the time limits of § 2243 could, arguably, have brought Rule 6(b) into play in habeas proceedings since the filing of a return is "an act * * * required or allowed to be done at or within a specified time * * *." But the new Rule 81(a)(2) does nothing more than increase the time limit for an extension from twenty to forty days. It did not change in any explicit way the role of the time limits in habeas procedure. The question remains, therefore, what Congress intended that role to be when it enacted § 2243. The mere fact, in other words, that the time limits of § 2243 were changed by an amendment to a rule rather than to the statute itself is not a strong argument that Congress intended Rule 6(b) to apply nor that the principles of that Rule have always applied to habeas proceedings. Harris v. Nelson, *supra,* 394 U.S. at 298, requires more evidence of Congressional intent or purpose than that. *But see* Bowen v. Boles, 258 F.Supp. 111, 113 (N.D.W.Va. 1966).

■ A holding that Rule 6(b) is not applicable is not dispositive of the question of the function of the specified time limits for filing a return. There is another question of Congressional intent: Did Congress intend these limits to be part of a strong policy of mandating prompt action by state authorities in responding to habeas corpus petitions? The key element in this Court's conclusion that Congress did not have that intent is its failure to include in § 2243 or Rule 81(a)(2) a provision for the sanctions to be applied by a court when the time limits have not been met. In other

contexts Congress has been very explicit in the type of judicial action that may or must be taken if the government fails to meet a procedural requirement.[17] In this area, however, Congress has left it to the courts to fashion appropriate sanctions when the time limits are not met.

This conclusion does not render the time limits of Rule 81(a)(2) purposeless. The forty-day period does give guidance to all concerned as to what extensions are reasonably likely given a showing of good cause. The extensions are still discretionary, but there can be reasonable expectations as to their probability.

■ This Court's conclusion, therefore, is that the forty-day limit is not the outside maximum for the granting of an extension.[18] After forty days have been given, a court must decide whether a further extension, given good cause for it, should be allowed. In so doing, the court must "fashion appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage." Harris v. Nelson, supra, 394 U.S. at 299, 89 S.Ct. at 1090–1091, 22 L.Ed.2d at 291. It must balance the interests of the petitioner in a prompt determination of whether he is being illegally confined and of the state in ensuring that the ultimate decision is based solidly on fact and that a guilty man does not go free. No definite standard will make this decision a mechanical one. It must be approached on a case-by-case basis. In enforcing the decision that it does reach, it must also develop procedures and sanctions.[19] Those sanctions must include, as an ultimate weapon, the issuance of the writ of habeas corpus. Cases may arise in which long, inadequately explained delays raise a strong presumption that the petitioner is being illegally confined. There is no good reason for ruling that sanction out as a matter of law. But see Allen v. Perini, supra, 424 F.2d at 138. The courts should attempt to develop a range and flexibility of sanctions to fit the needs of specific cases. Cf. Hart v. Eyman, 458 F.2d 334, 336–338 (9th Cir. 1972), cert. denied, 407 U.S. 916, 92 S.Ct. 2441, 32 L.Ed.2d 691 (1972).

■ In this case, the Court found that the nature of the claim, involving as it does judicial proceedings in other states, requires considerable time to obtain and study relevant documents and

17. Under the Jencks Act, 18 U.S.C. § 3500(d), if the prosecution fails to comply with the requirement of giving the defense the appropriate statements, the court must strike the testimony of the prosecution witness who gave the statement and may declare a mistrial. The teeth that Congress put into the requirement clearly indicate its view of the importance of governmental compliance. Rule 45(b) of the Federal Rules of Criminal Procedure, in contrast, gives the court considerable discretion in enlarging time for the doing of a particular act, very much like Rule 6(b) on the civil side.

18. Given the large number of habeas petitions filed each year, presumably most district courts have followed in practice the conclusion reached in this opinion. Rule 4(a) of the Preliminary Draft of Proposed Rules Governing Habeas Corpus Proceedings for the United States District Courts (January, 1973), explicitly accepts this approach when it states that, if a court finds that summary dismissal of a petition is not appropriate, then "the judge shall order the respondent to file an answer to the petition within the period of time fixed in the order." The Advisory Committee Note explains (at p. 58) : "In view of the widespread state of work overload in prosecutors' offices (see, e. g., Allen, 424 F.2d at 141), additional time is granted in some jurisdictions as a matter of course. Subdivision (a), which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made."

19. This Court disagrees with the view in Winn v. Page, supra, 311 F.Supp. at 693, that a motion for default must be governed by Rule 55 of the Federal Rules of Civil Procedure. If the time limits are not followed, a petitioner must make some motion to bring the matter before the court, whether one for default or for other sanctions. The courts should develop procedures appropriate to the disposition of such motions.

other materials. The Court did not give much weight to reasons given concerning the burden of other legal work upon respondent's counsel. Unless the burden was abnormal in amount or in the necessity for speedy action, it alone would not justify extensions of time beyond forty days without sanctions. If a state fails to provide an adequate staff and legal resources to meet the demands of federal habeas proceedings, the burden of delay cannot be placed upon a petitioner. The state must either petition Congress for an amendment of Rule 81(a)(2) or provide more staff and resources. Considerations of administrative convenience and saving of expenses do not justify denials of or heavy burdens upon constitutional or statutory rights. *Cf.* Cleveland Board of Education v. La Fleur, 414 U.S. 632, 646–48, 94 S.Ct. 791, 799–800, 39 L.Ed.2d 52, 64 (1974).

It is hereby ordered that petitioner's motion for an order of default is denied.