Mr. Justice McLEAN
 

 delivered the opinion of the court.
 

 'Thomas ,W. Dorr' was convicted before the Supreme Court of Rhode Island, at'March term, 1844, of. treason against the state of Rhode,Island, and .sentenced to the state’s prison for life. And it appears from the" affidavits of Francis C. Treadwell, a cotmsellor at law of this court, and others, , that personal access to Dorr, in his confinement, to ascertain whether he .desires a writ of error to remove the record of his. convictiori to this court, has been refused. On this ground the above application has been ihadé.
 

 Have the court power to issue a writ of
 
 habeas corpus
 
 in this case? This is a preliminary question, and must be first considered.
 

 The original jurisdiction of this court is limited by the Constitution to cases affecting ambassadors, other public ministers, and consuls,, and where a state is a party. Its appellate jurisdiction is -regulated by acts of Congress. Under the common law, it can exercise no jurisdiction-
 

 As this case cannot be brought under the head of original jurisdiction; if sustainable, it must be under the appellate power.
 

 The 14th section of the Judiciar Act of 1789 provides, “that the courts of the United States shall have power to issue writs of
 
 scire
 
 facias,
 
 habeas
 
 corpus, an.4 all other writs not specially provided for by statute, which may bé necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law. And that either of the justices of the Supreme Court, as well as
 
 *105
 
 judges of the District Courts, shall have power to grant writs of
 
 habeas corpus
 
 for the purpose- of an inquiry into the cause of commitment: Provided that writs of
 
 habeas corpus
 
 shall in no-'case extend to prisoners in jail, unless where they are in custody under or by colour of the authority of the United States, or are committed for trial before some court of the same, or are necessary to be brought into court to testify.” ' ■ . * - •
 

 - was which he was prosecuted, was repugnant to the Constitution of the United States. And on this ground a writ of error is desired., under thé 25th section of the Judiciary Act above named. That as the prayer for this writ can only be made by Dorr or by some one under his authority, and as access to him in prison is denied, it is insisted that the writ to bring him before the court,Is the only means through which" this* court , can exercise jurisdiction in his case bj a writ of error.' Even if this were admitted, yet the question recurs, whether this court has power to issue the writ to bring him before it. That it has no such power under, the common law is clear. And it is equally clear that the power nowhere exists, unless it be found in the 14th section above cited.
 

 The power given to the courts, in this section, ."to issue writs of
 
 scire facias, habeas corpus, See.,
 
 as. regards the writ
 
 oí,habeas corpus,
 
 is restricted by the proviso to -cases where a prisoner is “in custody under or by colour of the authority of the United States, or has been committed for triaibefore some court of the same, or is necessary to be brought into court to testify.” This is so clear, from the language of the- section, that any illustration of it would seem to be unnecessary. The words of the proviso are -unambiguous. They admit of • but one construction. And that they "qualify and restrict the preceding provisions of the section is indisputable.
 

 Neither this nor any other court of the United 'States, or judge thereof, can issue a
 
 habeas corpus
 
 to bring up a prisoner, who is in custody under a sentence or execution of a state court, for any other purpose than to be used as a witness. And it is immaterial whether the imprisonment be ■ under civil or criminal process. As the law now stands, an individual, who may be indicted in a Circuit Court for treason against the United States, is beyond the power' of federal courts and judges, if he be in custody under the authority of a state. ' . '
 

 Dorr, is in confinement under the sentence of the Supreme Court of Rhode Island, consequently this court has no power to issue a
 
 habeas corpus
 
 to bring him Before it. His presence here is not required as a witness, but to signify to the court whether he desires a writ of error to "bring before this tribunal the record of his conviction. ' °
 

 The counsel in this application -prays for a writ of error, but as it appears from his own admission that he does not act under the au
 
 *106
 
 thority of Dorr, but at tire, request of his friends, the prayer cannot be granted. In this view it is unnecessary to decide whether the counsel has stated a case, which, with the authority of his client, entitles him to a writ of error.
 

 The motion for a
 
 habeas corpas
 
 is overruled.