UNITED STATES v. BILLINGSLEY et al.

(District Court, W. D. Washington, N. D. May 3, 1917.)

Nos. 3492, 3500, 3551.

1. CRIMINAL LAW ⬦1072—ASSIGNMENTS OF ERROR—ALLOWANCE—EFFECT OF ESCAPE.

Assignments of error presented for allowance will not be passed upon, where defendant has escaped from custody, until he surrenders himself.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2703–2706.]

2. CRIMINAL LAW ⬦274—PLEAS—WITHDRAWAL.

Where defendants pleaded guilty after being fully advised of their rights, and subsequently on the trial of codefendants gave testimony which would justify no conclusion other than that of guilt, it was not error or an abuse of discretion to deny leave to withdraw their pleas of guilty and enter pleas of not guilty.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 632, 633.]

Logan Billingsley and others were convicted of offenses. On applications for the allowance of assignments of error, etc. Ordered in accordance with the opinion.

Clay Allen, U. S. Dist. Atty., of Seattle, Wash.

Bell & Hodge and Walter B. Allen, all of Seattle, Wash., for defendants.

NETERER, District Judge. Prior to December 28, 1916, the grand jury returned indictments against Logan and Fred Billingsley and a number of other parties, charging conspiracy to violate a federal statute. On December 28th Logan Billingsley was arraigned on one indictment and pleaded guilty to count 1. On January 3, 1917, Logan and Fred Billingsley were arraigned on another indictment and entered pleas of guilty. On January 10th, following, Ora Billingsley was arraigned on another indictment and pleaded guilty. On March 3, 1917, Fred Billingsley was arraigned and entered a plea of not guilty, which was changed to guilty on the 5th of March. On March 5, 1917, Logan Billingsley was arraigned and entered a plea of guilty, and Pielow, also indicted, pleaded guilty. On March 6th, following, the defendants Hodge, Gill, Peyser, Poolman, McLennan, Doom, and Beckingham, who had pleaded not guilty, were placed on trial, and the trial closed on the 31st of March. At the trial Logan Billingsley, Fred Billingsley, Ora Billingsley, and Pielow, under oath, testified. The defendants Gill, Beckingham, Hodge, Peyser, Poolman, McLennan, and Doom were found not guilty. On the 19th of April, following, the defendants Logan, Fred, and Ora Billingsley were brought before the court for judgment and sentence, whereupon they asked permission to withdraw their pleas of guilty and enter pleas of not guilty. The court, in denying the request, said:

"When these defendants were brought into court to be arraigned, Mr. Logan Billingsley was accompanied by counsel. After the first arraignment, he appeared in court without counsel, and stated that he did not desire counsel, and was fully advised of the step he was about to take, and that he was ready to enter his plea of guilty at that time. The other two defendants

declined counsel, and stated that they were advised of the step they were taking, and pleas were received on the first indictment to which arraignments were made. In the subsequent arraignments on the other indictments practically the same proceeding was repeated. This court is always very careful in preserving the rights of defendants, and I have frequently declined to accept a plea on the part of a defendant, when I felt that there might be a question as to whether he was fully advised of his right, even though he expressed willingness to enter a plea of guilty, and have always upon such occasions appointed counsel, where the defendant was not able to employ counsel, to consult with the party prior to entering his plea. The same cautious method was adopted with relation to the defendants now before the court. I do not believe that a defendant, after he has entered a plea of guilty, has an absolute right, as stated by counsel, to withdraw the plea of guilty. It is a discretion which is lodged in the court, and which is always exercised by the court, having in view the justice of the matter presented and the interest of the defendant as the primary consideration. In the matters now before the court, the defendants, after having been duly advised of their rights and of the step they were about to take, entered pleas of guilty. Afterwards this cause was tried; we received testimony for nearly 30 days; all of the defendants now before the bar of the court testified; and for the court, after listening to the testimony of the defendants, to now say that the rights of the defendants require that the court exercise that discretion which is vested in it, in permitting a withdrawal of the plea of guilty and entering a plea of not guilty, would be turning the orderly and proper proceeding of the court into a farcical proceeding. This action the court is not justified under any circumstances to take, from any viewpoint from which the subject can be approached. I remember distinctly the testimony of Mr. Logan Billingsley and Mr. Fred Billingsley. It is impressed on my mind. There isn't anything in the testimony which they gave under oath upon which the court could predicate the slightest excuse for granting this application. The emphasis placed by counsel upon the fact that the defendants who were tried in this case, and who were denominated by counsel as the principal defendants, were acquitted, and that these defendants should therefore not be punished, could not be considered by the court as any reason why, if there has been—I am not saying that there was, but am simply using the language of counsel—a miscarriage of justice with relation to some of the defendants, that there should be further miscarriage of justice, and say that these defendants should not be punished, or that the court should devote time in going over the same matter again to which these defendants have testified, and from which testimony no view can possibly be taken which would justify any conclusion other than that of guilt."

The defendants were sentenced—Ora Billingsley, 30 days in the county jail; Fred Billingsley, 6 months in the county jail; and Logan Billingsley, 13 months in the federal prison at McNeil's Island. On the 25th of April, a petition was filed in this court praying the court to fix—

"the amount of bond to supersede and stay the judgment of the court made and entered herein on the 19th day of April, 1917, pending an appeal to the Circuit Court of Appeals * * * from the order made and entered on the said day, denying them permission to withdraw their pleas of guilty and to enter pleas of not guilty."

Therewith was filed a notice to the district attorney that the motion would be presented to the court on the 26th of April, at 2 o'clock p. m. On the 26th of April a "further petition" was filed in which—

"the above-named defendants respectfully petition that a writ of error may be issued herein, whereby the order and judgment of this court, made and entered herein on the 19th day of April, 1917, denying the motion of the said defendants to be permitted to withdraw their pleas of guilty to the

indictment herein and to substitute therefor a plea of not guilty, was denied, and thereafter sentence was pronounced against the said defendants upon motion of the district attorney for this district, made upon said day, may be reviewed by the Circuit Court of Appeals of the United States for the Ninth Circuit, and also petition this court that in the said order allowing said writ of error to issue it be further provided that the judgment and sentence above mentioned be superseded and stayed, and that the said defendants be admitted to bail pending the disposition of the said writ of error by the said Circuit Court of Appeals of the Ninth Circuit."

At the time said motion and petition were presented the district attorney presented and filed an affidavit stating:

"That on the 22d day of April, 1917, while the defendant Logan Billingsley was in the custody and control of the United States marshal in the United States detention station at the city of Seattle, for the purpose of delivery to the United States penitentiary in execution of the sentence, said Logan Billingsley escaped from said detention station, and since that time has been and now is a fugitive from justice. * * *"

No assignment of errors having been served or filed, in accordance with rule 11 of the Circuit Court of Appeals (150 Fed. vii, 79 C. C. A. vii), or at all, the court, on the request of counsel for the defendants, extended the time for hearing said motion and petition until such assignment of errors could be filed in accordance with said rule. On the last day of the November term, the court, on its own motion, with the consent of the district attorney, extended the term for the period of 10 days for the purpose of affording opportunity of presenting such assignment of errors. On May 1st the defendants filed and presented an assignment of erors, and pray that the same be allowed, and that a transcript of the records, proceedings, and papers upon which judgment was entered, duly authenticated, may be transmitted to the Circuit Court of Appeals, and by stipulation of the attorneys for the defendants and the district attorney the matter was set for hearing at this time, to afford opportunity for the district atorney to examine the same.

[1] The defendant Logan Billingsley having escaped, and not being within the control of the court, either actually or constructively, the court must decline to consider his assignment of errors until such time as he shall surrender himself into the custody of the proper officers of this court. Smith v. United States, 94 U. S. 97, 24 L. Ed. 32; Bonahan v. Nebraska, 125 U. S. 692, 8 Sup. Ct. 1390, 31 L. Ed. 854; Byrne on Federal Criminal Procedure (1916 Ed.) § 390, p. 235, and section 235, p. 136; Ex parte Dorr, 3 How. 104, 11 L. Ed. 514. And for the purpose of affording said defendant Logan Billingsley opportunity to surrender himself to the officers of this court, consideration of his assignment of errors is continued until such surrender, provided he surrenders within the time to which the November term of court has been extended.

[2] The discretion of the court in declining to permit a withdrawal of the plea of guilty was not abused, and I do not believe that error was committed. Andrews et al. v. United States, 224 Fed. 418, 139 C. C. A. 646; United States v. Lewis (D. C.) 192 Fed. 637; United States v. London (D. C.) 176 Fed. 976; United States v. Bayaud et al. (C. C.) 16 Fed. 376; People v. John Lennox, 67 Cal. 113, 7 Pac.

260; Barton v. State, 23 Wis. 587; Commonwealth v. Winton, 108 Mass. 485. While the allowance of a writ of error is a matter of judicial determination, upon a consideration of the grounds set forth in the assignment of errors, the court would not be captious, but would rather invite an expression of the Circuit Court of Appeals; and while the defendant has a right of appeal, irrespective of assignment of errors, I can see no objection to allowing the assignment of errors and affording opportunity to the defendant before the court to present his contentions to the Circuit Court of Appeals from the viewpoint of his choosing.

Pending a hearing in the Circuit Court of Appeals, the defendant Fred Billingsley may be released on bail in the sum of $2,500, approved by the court. Hardesty v. United States, 184 Fed. 269, 106 C. C. A. 411; In re Claasen, 140 U S 200, 11 Sup. Ct. 735, 35 L. Ed. 409; Hudson v. Parker, Judge, 156 U S. 277, 15 Sup. Ct. 450, 39 L. Ed. 424.