Arcadio CARMONA, Petitioner,

v.

WARDEN OF OSSINING CORREC-
TIONAL FACILITY, et al.,
Defendants.

No. 82 Civ. 3760–CSH.

United States District Court,
S.D. New York.

Sept. 21, 1982.

Arcadio Carmona, petitioner pro se.

John S. Martin, Jr., U.S. Atty., New York City, for defendants; Edward G. Williams, Asst. U.S. Atty., New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Arcadio Carmona seeks a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 alleging that his transfer from state to federal custody was unlawful. In a Memorandum Opinion and Order dated July 23, 1982 I denied petitioner's motion for release on bail pending disposition of the habeas petition. I turn now to the merits of the petition.

It is clear that petitioner was transferred to the Metropolitan Correctional Facility, a federal facility within the Southern District of New York, pursuant to a writ of *habeas corpus ad testificandum* signed by the Honorable Milton Pollack on March 1, 1982. At the time this writ was signed, petitioner was incarcerated in the Ossining Correctional Facility, a state facility, where he was serving a two to four year sentence imposed in New York State Supreme Court on January 29, 1982. By affidavit dated September 10, 1982, Assistant United States Attorney Carl T. Solberg avers that the writ was issued in order to interview petitioner in connection with an upcoming criminal trial (Solberg Aff. pp. 1–2). Because the Government hoped to obtain petitioner's testimony at trial, the writ was not marked satisfied. (Solberg Aff. p. 2). Petitioner refused to testify at the first trial which ended in a mistrial. At the retrial, which commenced on May 12, 1982, petitioner testified for the defense. That trial ended in an acquittal. At present, petitioner continues to refuse to be interviewed by Government attorneys. (Solberg Aff. p. 2). The Government believes "he has extensive knowledge of heroin trafficking" and intends to call petitioner to testify before the Grand Jury. The United States Attorney is in the process of applying to the Justice

Department for authorization to grant him immunity should he invoke the Fifth Amendment (Solberg Aff. p. 2).

United States district courts are authorized by 28 U.S.C. § 2241(c)(5) to issue writs of habeas corpus "when it is necessary to bring a prisoner into court to testify or for trial." *United States v. Mauro,* 436 U.S. 340, 357, 98 S.Ct. 1834, 1845, 56 L.Ed.2d 329 (1977). Writs issued to command a witness' presence for purposes of testimony, writs of habeas corpus ad testificandum, are "steeped in history" and have their roots in early English law. *Ballard v. Spradley,* 557 F.2d 476, 479–80 (5th Cir..1977), citing *Ex parte Bollman,* 8 U.S. (4 Cranch) 75, 98–99, 2 L.Ed. 554 (1807) and 3 W. Blackstone Commentaries 129–30. Over a century ago, the United States Supreme Court concluded that the federal court's authority to issue a writ to secure the testimony of prisoners extended to persons in custody under a state sentence. *Ex parte Dorr,* 44 U.S. (3 How.) 103, 105, 11 L.Ed. 514 (1845). As the Court of Appeals for this Circuit has more recently explained:

"This exclusivity of jurisdiction [of the state and federal sovereignties] does not mean, of course, that another sovereignty interested in prosecuting the individual or eliciting his testimony must necessarily stand idly by while the prisoner completes the service of the sentence imposed by the courts of the first sovereignty. For instance, pursuant to a writ of habeas corpus ad prosequendum or, as here, a writ of habeas corpus ad testificandum it is clear that the first sovereignty can, without in any way affecting the integrity of the final judgment of conviction entered there against the prisoner, 'lend' its prisoner to the second sovereignty for trial on charges pending against him there or in order to have him testify in the courts of the second sovereignty. E.g., *Ponzi v. Fessenden,* supra, 258 U.S. [254] at 265–66, 42 S.Ct. 309 [at 312, 66 L.Ed. 607]; *Lunsford v. Hudspeth,* supra, 126 F.2d at 655–57; *Zerbst v. McPike,* supra, 97 F.2d [253] at 254." *In re Liberatore,* 574 F.2d 78, 89 (2d Cir. 1978).

■ The writ of habeas corpus ad testificandum issued by Judge Pollack on March 1, 1982 commands petitioner's presence "to appear and be interviewed with respect to violations" of federal narcotics laws. He is to be returned to state custody only after he has "been so interviewed and excused by the United States Attorney for the Southern District of New York." Because petitioner has refused to be interviewed by Government attorneys, the United States Attorney's Office for the Southern District has not yet excused petitioner in order to allow his return to state custody. As part of its ongoing efforts to obtain petitioner's testimony, the Government now plans to call him to testify before the Grand Jury. A writ of habeas corpus ad testificandum is a proper method for obtaining petitioner's presence in order to elicit this testimony. *Adams v. United States,* 423 F.Supp. 578 (E.D.N.Y.1976) (writ of habeas corpus ad testificandum issued to obtain state prisoner's testimony before Federal Grand Jury).[1]

■ Petitioner's transfer to federal custody has had no effect on his ongoing state sentence. The state has simply "loaned" petitioner to the federal authorities to elicit his testimony. As the Court of Appeals for this Circuit explained in the *In re Liberatore* case:

"[A]ny 'loan' to the second sovereignty in compliance with such a writ or any other temporary transfer of custody from the sovereignty having the prior jurisdiction cannot affect in any way whatever any final judgment of conviction already entered against the prisoner there or affect the running of the sentence imposed pursuant to that judgment. E.g., *Ponzi v. Fessenden,* supra, 258 U.S. at 263, 42 S.Ct. 309 [at 311]; *Lunsford v. Hudspeth,* supra, 126 F.2d at 657; *Zerbst v. McPike,* supra, 97 F.2d at 254."

---

1. Petitioner's claim of procedural defects in his transfer has no merit. His reliance on New York Criminal Procedure Law § 570.24 is misplaced since the hearing required by that statute pertains to arrest upon an extradition warrant, a situation not present in this case.

Petitioner's claim that the state has waived jurisdiction over him fails because those cases finding such a waiver involved the surrender of a prisoner by one sovereignty *to serve a sentence* imposed by another sovereignty. See *Thompson v. Bannan,* 298 F.2d 611, 615 (6th Cir.1962). Here, petitioner was surrendered not to serve a federal sentence, but to elicit his testimony.

Finally, petitioner's claims based on the Interstate Agreement on Detainers, 18 U.S.C.App. § 2 must also fail. "The language of the Act and its legislative history clearly show that it does not apply to writs of habeas corpus ad testificandum where no charges are pending against the prisoner at the time that the writ is issued." *Adams v. United States, supra,* 423 F.Supp. 578 (E.D. N.Y.1976). Here, it is undisputed that at the time that the writ was issued no federal charges, whether by complaint, information or indictment, were pending against petitioner in the Southern District of New York. Thus, the Interstate Agreement on Detainers is inapplicable to petitioner's transfer from state to federal custody.

### CONCLUSION

For the reasons stated, a writ of habeas corpus will not issue. There being no question deserving of appellate review, I decline to issue a certificate of probable cause. *Alexander v. Harris,* 595 F.2d 87 (2d Cir.1979).

The Clerk of the Court is directed to dismiss the petition forthwith.

It is So Ordered.