**Guy William BILODEAU, No. 220460, Petitioner,**

v.

**Ronald J. ANGELONE, Director of the Virginia Department of Corrections, Respondent.**

**No. Civ.A.2:98CV626.**

United States District Court, E.D. Virginia, Norfolk Division.

March 9, 1999.

Guy William Bilodeau, c/o Dillwyn Correctional Center, Dillwyn, Virginia, pro se.

Linwood T. Wells, Jr., Assistant Attorney General, Office of Attorney General, Richmond, Virginia, for respondent.

## FINAL ORDER

JACKSON, District Judge.

The petitioner, Guy William Bilodeau, brought this petition seeking a writ of

habeas corpus under 28 U.S.C. § 2254 (1998). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge's Report, filed on February 12, 1999, recommended dismissal of the petition with prejudice.

A copy of the report advised the petitioner of his right to file written objections to the findings and recommendations made by the Magistrate Judge. Citing, among other authorities, *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) and *United States v. Schronce,* 727 F.2d 91 (4th Cir.1984), it also cautioned that a failure to file timely objections to the Report's findings and recommendations would result in a waiver of the right to appeal.

Despite this warning, the Court only received from petitioner a document styled as a "Notice of Appeal." Nothing in that "Notice" specifies either the finding to which he objects or the basis for that objection.

FED.R.CIV.P. 72(b) provides that "within 10 days after [receiving] . . . a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." Further, it requires that the district judge assigned to the case "shall make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which" the petitioner has made "specific written objections . . . in accordance with this rule." *Id.* Therefore, petitioners who fail to specifically object after receiving proper notice of the Report could waive appellate review of a district court order based upon the recommendation. *See Wright v. Collins,* 766 F.2d 841, 845–46 (4th Cir.1985). And a district court may thereafter adopt the magistrate judge's recommendation without further comment. *See Schronce,* 727 F.2d at 93–94; *see also Johnson v. Ward,* 1996 WL 525467 (4th Cir.1996). .

■ Here, while petitioner's filing of a Notice of Appeal would seem to indicate his opposition to the Magistrate Judge's Report, the document contains no language outlining petitioner's specific objections. Accordingly, since petitioner received proper notice of the consequences resulting from a failure to properly object, and since he has failed to timely file specific objections to the Report and Recommendation, the Court FINDS that he has waived his right to have this Court review those portions of the Report that he might consider erroneous. *See Wright; Schronce; Arn, supra*

In addition, the Court has independently reviewed the Magistrate Judge's Report finding that the statute of limitations, 28 U.S.C. § 2244(d)(1) and (2), does bar Bilodeau's petition, but does not violate the Suspension Clause, Art. I, § 9, cl. 2 of the U.S. Constitution. The Court finds the Report has correctly applied the relevant principles to the petitioner's claims, and, accordingly, the Court does hereby accept the findings and recommendations set forth in the Report filed February 12, 1999.

■ Lastly, though the Report provided cogent reasons for the issuance of a certificate of appealability, the Court OVERRULES that recommendation. As noted above, Bilodeau has waived his right to appeal by failing to specify objections to the Report. *See* FED.R.CIV.P. 72(b); *Wright v. Collins,* 766 F.2d at 845–46; *Schronce,* 727 F.2d at 93–94. The Court recognizes the important purposes served by FED.R.CIV.P. 72(b) and cannot allow him to bypass either that or any other related provision, *see* 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72, merely because he raised a novel issue of law.

Therefore, the Court ORDERS the petition DENIED and DISMISSED with prejudice. Petitioner may appeal from the judgment entered pursuant to this Final

Order by filing a *written* notice of appeal with the clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of this judgment. For the reasons stated above, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

PRINCE, United States Magistrate Judge.

The petitioner, Guy William Bilodeau ("Bilodeau"), brought this petition seeking habeas corpus relief under 28 U.S.C. § 2254 (1998). The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Virginia Department of Corrections ("Respondent") has filed a Rule 5 answer and a motion to dismiss. The parties having briefed the issues, the Court finds this matter ripe for review, and offers the following analysis.

## I. STATEMENT OF THE CASE AND PROCEDURAL BACKGROUND

Bilodeau filed this petition nearly six months after the limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–132, 110 Stat. 1214, 28 U.S.C. § 2244(d)(1) and (2), and the Fourth Circuit's decision in *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir.1998). Further, in an effort to overcome the limitations bar, Bilodeau chooses the path of greatest resistance: rather than primarily focusing on one of the limitations exceptions, *see* 28 U.S.C. § 2244(d)(1)(B), (C), or (D), he asks this Court to declare that this statute unconstitutionally suspends habeas corpus relief, in violation of Art. I, § 9, cl. 2 of the U.S. Constitution.

■ Even under 28 U.S.C. § 2244(d)(1), however, the possibility of federal habeas relief remains reasonably available to state prisoners who do not sleep on their opportunity to file a § 2254 petition. Under Art. I, § 9, d. 2, moreover, Congress has always maintained broad authority to define the scope of habeas corpus. Limiting habeas review to timely petitioners only would certainly comport with the restrictions that Congress has historically, and constitutionally, placed on state prisoners.

Accordingly, since section 2244(d) only curbs, but does not eliminate, the availability of federal habeas relief, and since Congress acted within the power granted it by the Constitution, the Court FINDS that the AEDPA limitations period falls within constitutional bounds. Therefore, because the statute of limitations, 28 U.S.C. § 2244(d)(1)(A), does bar Bilodeau's petition, the Court recommends its dismissal with prejudice.

The Respondent currently maintains custody over Bilodeau. On June 14, 1994, a jury in the Circuit Court of the City of Virginia Beach ("Circuit Court") convicted Bilodeau of breaking and entering with intent to rape, and assault and battery. After unsuccessful appeals in the Virginia appellate courts, (Resp't Ex. A and B), Bilodeau's convictions became final on March 21, 1995. On August 23, 1995, Bilodeau filed a state habeas petition. (Resp't Ex. C.) Following a hearing on the matter, the Circuit Court denied Bilodeau's petition, (Resp't Ex. E), and, on December 19, 1996, the Virginia Supreme Court denied Bilodeau's state habeas appeal. (Resp't Ex. F.)

## II. GROUNDS ALLEGED

On June 4, 1998, Bilodeau filed the instant federal habeas petition. The petition alleges the following:

656

A. Bilodeau's attorney, the Commonwealth's attorney and the Circuit Court all knew of an affidavit from Bilodeau's mother-in-law and phone bill records that would have supported Bilodeau's innocence, but his "attorney failed to argue the issue and the [Circuit Court] subsequently refused to allow the jury to hear it"; and

B. Bilodeau's attorney ineffectively represented him by failing to "make a motion to strike the Commonwealth's evidence before and at the closing of [his] trial," by not introducing "crucial evidence of mitigating circumstance" that could have proved the "defendant's presence elsewhere," and by not presenting this evidence on appeal as "newly discovered evidence."

(*See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.) In response, the Respondent argues only that the one year limitations period applicable to Bilodeau's petition under 28 U.S.C. § 2244(d)(1)(A), has already expired. (Resp't Br. in Supp. of Mot. to Dismiss at 2–4.) According to the Respondent, Bilodeau had only until December 19, 1997, to file this petition. (*Id.* at 4.)

Bilodeau, in turn, offers two excuses. First, in a memorandum styled as a "Brief In Support Of Motion To Declare ... 28 [U.S.C. § ] 2244(d)(1)(A) Unconstitutional In Violation Of Article 1, Section 9, Clause 2 of the Constitution," he argues that neither the "English Habeas Corpus Acts of 1641, 1649, 1650, or 1679" nor the "Habeas Corpus Provision of the Judiciary Act of 1789, 1801, 1833, 1842, 1867, [or] 1874" ever contained "any period of limitation." (Pet'r Br. in Supp. of Mot. to Declare 28 U.S.C. § 2244(d)(1)(A) Unconstitutional at 1–2.) He concludes that "if Congress had ... a right under Article 1, Section 9, Clause 2 of the ... Constitution to impose a deadline, legislative history would reflect that right, [b]ut it does not reflect it." (*Id.*)

Second, Bilodeau alleges that he also sent his legal materials "to the [s]treets"

with a state parolee "to get help from a[p]ro [b]ono [legal services] organization" for his federal habeas petition. (Pet'r Br. in Supp. of Mot. to Enlarge Time, filed Sept. 28, 1998.) He believes that his decision to do this "showed responible [sic] diligence in attempting to file his petition as soon as possible after his final state remedy." (*Id.*) Based on this and his "ignorance of the law," Bilodeau urges the Court to enlarge the time in which he could have filed his petition, under FED. R.CIV.P. 6(b)(2). (*Id.*)

As indicated earlier, the Court finds no merit with Bilodeau's excuses. In so finding, the Court also believes that the Suspension Clause does not prevent Congress from enacting the limitations period found in 28 U.S.C. § 2244(d)(1)(A). The Court will address these and the other relevant issues below.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### A. Statute of Limitations

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act (AEDPA) into law. Among many other changes, this statute instituted a limitations period for the filing of federal habeas petitions by persons convicted of non-capital offenses in state court. *See* 28 U.S.C. § 2244(d). Section 2244(d)(1) provides that:

[a] 1–year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In short, this provision sets forth "the general rule" that a state prisoner must file a federal habeas petition within one year after that prisoner's state conviction had become final. *Flanagan v. Johnson,* 154 F.3d 196, 198 (5th Cir.1998); *accord*

*Brown v. Angelone,* 150 F.3d 370, 371 (4th Cir.1998).

In addition, like many of its sister circuits, the Fourth Circuit has determined that, as a matter of due process, state prisoners whose convictions became final before AEDPA's enactment ought to receive "a reasonable period of time after the [statute's] effective date to file a habeas petition." *Brown,* 150 F.3d at 375. Accordingly, the *Brown* court found that a "reasonable period" meant one year from the effective date of the AEDPA. *Id.* Thus, prisoners, like Bilodeau, whose convictions became final prior to the effective date of the AEDPA, had until April 23, 1997, to file their § 2254 petition. *Id.*

Further, 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction *or other collateral review with respect to* the pertinent judgment or claim is pending shall not be counted toward any part of limitation under this section." Thus, state prisoners can toll the running of the limitations period by properly filing a state habeas petition; no time will therefore accrue from the date on which a prisoner properly filed a state habeas petition until the date when the state court's decision on that petition also became final. *See* 28 U.S.C. § 2244(d)(2).

Without reaching the constitutional argument at issue, the operation of the statute itself bars Bilodeau's petition. Since Bilodeau's conviction became final on March 21, 1995, the judicially-created one year grace period described in *Brown,* 150 F.3d at 375, applies. Thus, Bilodeau initially had until April 23, 1997, to file his petition. *See id.* Further, by filing a state habeas petition, Bilodeau tolled the limitations period until December 19, 1996, when the Virginia Supreme Court denied that petition on appeal. *See* 28 U.S.C. § 2244(d)(2).

Adding this eight month period to the April 23, 1997, deadline, Bilodeau's filing period therefore ended on December 19, 1997. *See id.* Yet, Bilodeau did not file

his petition until June 4, 1998, more than five and a half months later. Therefore, unless he can defeat the limitations period with either his Suspension Clause argument or his Motion to Enlarge under Fed. R.Civ.P. 6(b)(2), the Court must find Bilodeau's petition time-barred under Section 2244(d)(1)(A).

1. *Section 2244(d) and the Suspension Clause*

■ For three reasons, the Court finds Bilodeau's constitutional argument unpersuasive. First, under the Suspension Clause, Congress cannot abolish habeas corpus except in situations of rebellion or invasion. *See* U.S. Const. art. I, § 9, cl. 2. That does not mean, however, that each congressional act that adversely affects habeas petitioners necessarily runs afoul of the Suspension Clause; to the contrary, the Supreme Court has found habeas legislation violative of this Clause only when it unreasonably "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." *See Miller v. Marr,* 141 F.3d 976, 977 (10th Cir. 1998) (quoting *Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977) and *United States v. Hayman,* 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952)).

In this Court's view, the limitations period contained in 28 U.S.C. § 2244(d) does nothing to offend the Suspension Clause. The one year limitations period still affords a reasonable time for state prisoners to seek habeas relief, so long as they "diligently pursue" their habeas claims. *See Ciria v. Cambra,* 1998 WL 823026, *3 (N.D.Cal. Nov.10, 1998) (slip op.); *see also Miller,* 141 F.3d at 977. Indeed, one court has opined that this one year period gives prisoners "plenty of time to get to federal court and leaves room for the inevitable delays in unpredictable lockdowns and other interruptions in research and writing common in prison." *Ciria,* 1998 WL 823026 at *2.

Further, by drafting three exceptions to the "general rule," *contrast* 28 U.S.C. § 2254(d)(1)(A) *with* 28 U.S.C. § 2254(d)(1)(B), (C) and (D), as well as a tolling provision for prisoners currently in state habeas proceedings, *see* 28 U.S.C. § 2244(d)(2), Congress has ensured that the courthouse doors will not shut on those prisoners who, through no fault or lack of diligence of their own, failed to meet the initial filing deadline. *See Miller,* 141 F.3d at 977–78. And the Fourth Circuit, like nearly every other federal circuit, has avoided other potential Suspension Clause challenges to the limitations period by extending the filing deadline for Bilodeau—and other prisoners convicted before AEDPA's enactment—to April 23, 1997, a full year after AEDPA had already taken effect. *See Brown,* 150 F.3d at 375.

Therefore, since AEDPA still allows a reasonable amount of time for state prisoners to test the legality of their detention, and since Congress and the courts have both fashioned exceptions for those who have legitimate, legally recognized reasons for having missed the one year filing deadline, this Court finds that the time restriction placed on state prisoners does not rise to the level of a Suspension Clause violation.

Second, and contrary to Bilodeau's analysis, this finding gathers support from the treatment historically accorded the writ of habeas corpus. The Supreme Court has also recognized that Congress, not the courts, normally makes "judgments about the proper scope of the writ" of habeas corpus. *Felker v. Turpin,* 518 U.S. 651, 663–64, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (quoting *Lonchar v. Thomas,* 517 U.S. 314, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996)); *see also Green v. French,* 143 F.3d 865, 876 (4th Cir.1998). And Congress, using this authority, has vastly altered the scope of habeas corpus without unlawfully suspending it. *See id.*

For example, "the first Congress made the writ of habeas corpus available only to" federal, not state, prisoners. *See Felker,*

518 U.S. at 663, 116 S.Ct. 2333 (quoting *Ex parte Dorr,* 3 How. 103, 11 L.Ed. 514 (1845)). Similarly, as many courts have noted, neither Congress, nor the courts, nor the English habeas laws that informed them even allowed state prisoners in the previous century to "mount a collateral attack on a state court's judgment in the inferior Article III courts." *Green,* 143 F.3d at 876; *Lindh v. Murphy,* 96 F.3d 856, 867–68 (7th Cir.1996), *rev'd on other grounds,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Of course, while Congress and the courts now hold that state prisoners can, as a matter of legislative grace, challenge the validity of state convictions in federal court, *see Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), at least one court has noted that:

> the complete denial of the writ of habeas corpus to convicted federal prisoners would not violate the Constitution [f]or under the English Habeas Corpus Act of 1679, as well as under the common law in force when the Constitution was adopted, habeas corpus was not available to persons convicted of crime to test the legality of their conviction.

*United States v. Anselmi,* 207 F.2d 312, 314 (3rd Cir.1953). Most recently, the Court and the Fourth Circuit have found that the AEDPA provisions prohibiting successive habeas petitions, *see Felker,* 518 U.S. at 664, 116 S.Ct. 2333, and narrowing the standard of habeas review, *see Green,* 143 F.3d at 875–76, also do not abridge the Suspension Clause. Given this historical perspective, the Court finds that the AEDPA limitations period also "fits comfortably with both recent Supreme Court precedent interpreting the Suspension Clause, as well as the original meaning of the Clause itself." *See Green,* 143 F.3d at 876.

Lastly, because federal courts have had the power to bar delinquent habeas petitions as untimely under the doctrine of laches even before AEDPA's enactment, *see* Rule 9(a) of the Rules Governing

§ 2254 Cases in the United States District Courts, *Lonchar, Flanagan, Brown, supra,* section 2244(d) does not do much more than codify and refine existing law. *Compare Felker,* 518 U.S. at 664, 116 S.Ct. 2333. The Supreme Court has relied, in part, on similar reasoning to find that AEDPA restrictions on federal jurisdiction did not violate the Suspension Clause when, as with section 2244(d), those restrictions merely adopted "some of the preexisting limits on" federal habeas corpus law. *See id.*

Finding that Congress has done something similar with the limitations bar, and that both precedent and history support the limitation period's constitutionality, this Court also concludes that this AEDPA provision does not contravene the Suspension Clause. The Court notes that at least two other courts have reached this same conclusion using a similar rationale, *see Miller,* 141 F.3d at 978; *Ciria,* 1998 WL 823026 at *3, and it believes that more will soon join in this view.

### 2. *Bilodeau's Motion for Enlargement of Time under Rule 6(b)(2)*

The Court also declines Bilodeau's invitation to forgive his delay in filing a petition more than 160 days late. Initially, the Court notes that, in some jurisdictions, Rule 6 does not even apply in federal habeas proceedings. *See, e.g., Troglin v. Clanon,* 378 F.Supp. 273, 278–79 (N.D.Cal. 1974); *But see* 28 U.S.C. § 2242; *Bowen v. Boles,* 258 F.Supp. 111, 113 (N.D.W.Va. 1966). Nonetheless, even if the Court did consider Bilodeau's Motion to Enlarge as properly filed, it would still deny that Motion.

■ Under FED.R.CIV.P. 6(b)(2), federal courts may excuse late filed pleadings, certain motions or other tardy acts when the failure to timely respond resulted from "excusable neglect." As Bilodeau's motion recognizes, this rule "grants considerable discretion to district courts ... in excusing tardiness." (Pet'r Br. in Supp. of Mot. to Enlarge Time at 1); *see Troglin,* 378 F.Supp. at 278–79; *Bowen,* 258 F.Supp. at 113. Further, the Advisory Committee Notes to Rule 6(b) indicate that the rule seeks to establish "a definite point where it can be said a judgment is final."

■ The Court finds that Bilodeau's excuse—that he was seeking legal assistance before filing his petition—does not constitute "excusable neglect" under FED. R.CIV.P. 6(b)(2). Absent the need for an evidentiary hearing, Bilodeau has no right to legal representation in habeas proceedings. *See Crowe v. United States,* 175 F.2d 799 (4th Cir.1949). More importantly, he has done nothing to explain to this Court's satisfaction his reason for such an inordinate delay. In addition, the Respondent, the courts, and, indeed, other state and federal prisoners have a strong interest in seeing extremely tardy petitions, like Bilodeau's, become final, so that they will not continue to clog up the limited prosecutorial and judicial resources necessary to address them. The Court, therefore, finds his Motion to Enlarge his filing date meritless and recommends the dismissal of his petition with prejudice.[1]

### B. *Certificate of Appealability*

Though the Court has confidence in its findings, it believes that a certificate of appealability should issue for Bilodeau's

---

**1.** Even if the Court liberally construed Bilodeau's argument to mean that the doctrine of equitable tolling should instead justify his tardiness, the Court would deny that argument, too. Equitable tolling allows courts to forgive untimely petitions or other delays when "extraordinary circumstances" beyond an inmate's control caused that failure to satisfy the relevant limitations period. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998); *Ci-*

*ria v. Cambra,* 1998 WL 823026, *2 (N.D.Cal. 1998). Since neither ignorance of the law nor even "unpredictable [prison] lockdowns or [law] library closures," *Ciria,* 1998 WL 823026 at *2, constitute an extraordinary circumstance, the Court has little difficulty in concluding that Bilodeau's ignorance of the law and his decision to blindly seek legal assistance also do not warrant application of the equitable tolling doctrine.

Suspension Clause argument. Neither the Fourth Circuit, to this Court's knowledge, nor many other circuits have directly addressed whether the limitations period for § 2244 petitions violates the Suspension Clause. *See, e.g., Brown,* 150 F.3d at 376 note 6; *Raynor v. Dufrain,* 28 F.Supp.2d 896 (S.D.N.Y. Dec.11, 1998) (noting that "the Second Circuit is currently considering ... whether § 2244(d) violates the U.S. Constitution's Suspension Clause" and citing cases where District Courts have issued a certificate of appealability on this same question).

In addition, the Court does know that at least one District Court has found that dismissing a federal habeas petition for failing to meet the limitations period would violate the Suspension Clause. *Rosa v. Senkowski,* 148 F.3d 134, 135 (2nd Cir. 1998) (declaring District Court's determination of the Suspension Clause issue moot after finding petitioner did satisfy the one year limitations period). Accordingly, since a certificate of appealability should issue when, like here, a court has "any doubt about ... granting it," *see Sonnier v. Johnson,* 161 F.3d 941, 944 (5th Cir. Dec.16, 1998), and since it appears that other jurists can reasonably disagree on the applicability of the Suspension Clause, *see Rosa, supra,* the Court finds that Bilodeau should receive a certificate of appealability if he wishes to pursue his claims in the Fourth Circuit.

## IV. CONCLUSION

The Court finds that since Bilodeau failed to file his § 2254 petition within one year of the date his state collateral relief proceeding became final, and filed his § 2254 petition after the expiration of the statute of limitations grace period, the statute of limitations applies in this case and bars consideration of the petition's merits. *See* 28 U.S.C. § 2244(d)(1)(A). Further, for the reasons discussed in this Report, the Court finds that 28 U.S.C. § 2244(d) does not violate the Suspension Clause found in Art. I, § 9, cl. 2 of the U.S.Constitution. Lastly, because Bilodeau only offers that he did not know of the changes in the law wrought by AEDPA and that his search for legal representation for his § 2254 proceedings caused his five and one-half month delay in filing his petition, the Court finds no merit with his Motion to Enlarge his filing deadline.

## V. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS the Respondent's Motion to Dismiss the petition be GRANTED, and petitioner's habeas petition be DISMISSED. No evidentiary hearing is recommended, since the current records before the Court can clearly resolve the legal issues in this case. Because Bilodeau's Suspension Clause argument presents a novel question of law, however, and because at least one District Court has found this argument persuasive, the Court does RECOMMEND the issuance of a certificate of appealability should Bilodeau wish to appeal a District Court Order dismissing his case under 28 U.S.C. § 2244(d).

## VI. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party (*see* 28 U.S.C. § 636(b)(1)(C); FED.R.CIV.P. 72(b)) computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Carr,* 737 F.2d 433; *United States v. Schronce,* 727 F.2d 91 (4th Cir.1984), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

February 12, 1999.